IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEDINA MANAGEMENT, LLC | : | Civil Action No. |
| | : | |
| vs. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | |
| | : | Jury Trial Demanded |

**NOTICE FOR REMOVAL OF CIVIL ACTION
FROM STATE COURT**

Defendant, State Farm Fire and Casualty Company, ("Defendant State Farm"), respectfully petitions for removal to this Court of a state civil action pending in the Court of Common Pleas of Lehigh County, Pennsylvania, and in support avers as follows:

1. A Complaint was filed on December 2, 2025 by Plaintiff, Medina Management, LLC ("Plaintiff") against Defendant State Farm.

2. After receipt of Plaintiff's Complaint, Defendant State Farm ascertained that the damages being claimed exceed $75,000.00.

3. Plaintiff's Complaint contains two counts – the first appears to set forth a Breach of Contract claim and the second appears to set forth a Bad Faith Claim.

4. The *ad damnum* clause for Count I "demands judgment against the Defendant, State Farm Fire and Casualty Company, in an amount less than Fifty Thousand Dollars ($50,000.00), together with costs, interest, damages for delay, and such other relief as this Court deems just and proper."

5.  The *ad damnum* clause for Count II "requests that this Honorable Court take the following actions pursuant to 42 Pa.Cons. Stat. §8371:

  1.  Award interest on the amount of the Plaintiff's claim against the Defendant, State Farm Fire and Casualty Company from the date the claim was made at a rate equal to the prime rate plus three percent (3%);

  2.  Award punitive damages against the Defendant;

  3.  Assess court costs and reasonable attorneys fees against the Defendant; and/or

  4.  Award such other relief as necessary and proper."

6.  Plaintiff's Complaint seeks compensatory and punitive damages against Defendant State Farm, including those damages available under Pennsylvania's Bad Faith statute, *to wit*, interest, punitive damages, court costs, and attorneys' fees. See Exh. "A"; 42 Pa. C.S.A. § 8371.

7.  The state court where this action is pending is located in Lehigh County, Pennsylvania, which is embraced within this judicial district.

8.  At the time of the filing of this action, Plaintiff's were residents of Allentown, Pennsylvania and citizens of Pennsylvania. See Exh. "A" at ¶ 1.

9.  Defendant State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois and is therefore a citizen of a state other than Pennsylvania. See Exh. "A" at ¶ 2.

10. Plaintiff's Complaint includes a count for Insurance Bad Faith and claims have been made for damages for delay, including interest from the date the claim was made in an amount

equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or consequential damages as are permitted by law, amongst other relief, which if awarded, could exceed $75,000.00, exclusive of interest and costs.

11. As recognized by the Honorable Norma Shapiro for the United States District Court for the Eastern District of Pennsylvania in the case of <u>Wash v. State Farm Fire & Casualty Company</u>, No. 91-4438 (E.D. PA 1991), "because Plaintiffs' stated a claim for punitive damages, it is not 'beyond a legal certainty' that the amount in controversy will be below $50,000.00", which was the diversity requirement at the time of Judge Shapiro's Order in <u>Wash, supra</u>.  A copy of Judge Shapiro's Order is attached hereto as Exhibit "B" and is incorporated herein by reference.

12. Judge Juan R. Sánchez of the United States District Court for the Eastern District of Pennsylvania in <u>Palmieri v. Allstate Insurance Company</u>, Docket No. 06-4681 (December 4, 2006) held that "a 'reasonable reading of the rights being litigated,' *Angus v. Shiley Inc.* 989 F.2d 142,145 (3d Cir. 1993), in this case suggests the disputed amount of more than $22,000, a bad faith claim with punitive damages, attorney's fees and costs could easily exceed $75,000."  Judge Sánchez's December 4, 2006 Order is attached as Exhibit "C" and incorporated by reference.

13. Consequently, the amount in controversy in this matter is in excess of the sum of $75,000.00, exclusive of interest and costs, such that the amount in controversy and the diversity requirements for federal diversity jurisdiction are satisfied and this court now has jurisdiction over this subject matter under and pursuant to 28 U.S.C. § 1332.

14. This Notice is filed within thirty (30) days of Defendant State Farm's first indication that the damages could exceed $75,000.00.

**WHEREFORE,** Defendant, State Farm Fire and Casualty Company, respectfully requests that the statutory requirements, having been met, that the pending state action be moved to this Court.

Respectfully submitted,

By: _____
Thomas L. Mueller, Esquire
Attorney I.D. No. 308672
Curtin & Heefner LLP
1040 Stony Hill Road, Suite 150
Yardley, PA 19067
215-736-2521

Dated:  December 30, 2025

## AFFIDAVIT

I, Thomas L. Mueller, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice for Removal; that I have been duly authorized by the Petitioner to execute this Affidavit; that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice for Removal are true and correct to the best of my knowledge, information and belief.

_____
Thomas L. Mueller, Esquire